UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA CRAWFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ZIMMER BIOMET HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No.: 1:21-cv-00988-AWI-BAK (SKO)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>(Doc. 20) |

Plaintiff seeks leave to file a first amended complaint. (Doc. 20.) Defendants filed an opposition on May 19, 2022. (Doc. 22.) For the following reasons, Plaintiff's motion for leave to amend is **GRANTED**.[1]

**I.   Background**

Plaintiff initiated this action by filing a complaint in Kern County Superior Court on May 6, 2021. (*See* Doc. 1-1.) The action was removed to this Court on June 16, 2021. (Doc. 1.) This action involves various allegations related to Defendants' hip components that were used in Plaintiff's left hip arthroplasty and subsequent hip surgeries. (*See id*.) Defendants filed an answer on June 23, 2021. (Doc. 4.)

On September 20, 2021, the Court entered a scheduling order, (Doc. 10), which was amended

---

[1] The Court has vacated the hearing on the motion to amend. (Doc. 25.) Accordingly, Defendants' request to appear remotely (Doc. 23), and Plaintiff's request to appear remotely (Doc. 24), are **denied as MOOT**.

by stipulation on April 15, 2022. (Docs. 18, 19.) Plaintiff filed a motion to amend the complaint on May 5, 2022. (Doc. 20.) Defendants filed an opposition on May 19, 2022. (Doc. 22.)

## II.     Legal Standards

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.* After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## III.    Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

A.     Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought will be the first amendment to the pleadings. Therefore, this factor weighs in favor of granting leave to amend.

B.     Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Plaintiff maintains that she is seeking this amendment in good faith and without undue delay. (Doc. 20 at 4.) Plaintiff asserts that in preparing her responses to Defendants' initial discovery, Plaintiff's counsel discovered new and additional information regarding Defendants' products and marketing which necessitates the filing of an amended complaint. (*Id*.)

Defendants assert that Plaintiff did nothing to move her claim forward and hindered Defendants' ability to conduct depositions and discover relevant documents. (Doc. 22 at 17.) Defendants claim that Plaintiff was dilatory in the discovery process. (*Id*. at 7-8.) For instance, after serving the first batch of written discovery on January 14, 2022, Plaintiff missed the deadline and requested an extension of time to respond. (*Id*. at 8.) According to Defendants, Plaintiff's counsel sought an extension of time to respond to outstanding discovery because new counsel from Plaintiff's counsel's firm was associating onto the case. (*Id*.) Additionally, Defendants state that during a telephonic meet and confer on March 25, 2022, Plaintiff represented to Defendants that the basis for another requested extension was that she wanted to provide substantive responses that would be meaningful and useful in the case. (*Id*.; Heiserman Decl., ¶ 7.)

It appears Plaintiff provided reasonable explanations for the amendment and communicated them with Defendants. These extensions of time appear to be based on valid reasons and are therefore reasonable under the circumstances. This factor weighs in favor of amendment.

C.      Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking the proposed amendment. (*See* Doc. 20 at 4.) Therefore, this factor does not weigh against granting leave to amend.

D.      Futility of amendment

Futility may be found where the proposed claims duplicate existing claims or are patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 U.S. Dist. LEXIS 91716, at *10 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Plaintiff alleges that since the filing of the complaint, Plaintiff discovered new information regarding Defendants' products and marketing that supports Plaintiff's new claims and theories as well as Plaintiff's previously asserted claims. (Doc. 20 at 4.)

Defendants' principal argument against amendment is futility. (*See* Doc 22.) Defendants claim that many of the amendments proposed are futile because the claims either cannot be brought against a medical device manufacturer, are precluded by the learned intermediary doctrine, require privity that is lacking in this case, or fail to state a claim based on the facts alleged. (*See* Doc. 22 at 11-16.) Defendants also contend that Plaintiff cut and pasted from a lawsuit filed in North Carolina involving a different hip product. (*See* Doc. 22.)

The Court finds that the ordinary practice of deferring Defendant's challenge to the merits of the proposed amended complaint until after the filing of the amended complaint is appropriate. *See*

4

*Zurich Am. Ins. Co.*, 2020 U.S. Dist. LEXIS 91716, at *10; *White v. UPS*, No. 1:20-cv-00090-, 2020 U.S. Dist. LEXIS 109926, at *11 (E.D. Cal. June 23, 2020). Therefore, the Court makes no determination regarding futility of amendment and this factor does not weigh against granting leave to amend.

E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Defendants claim prejudice because Plaintiff has not yet produced new documents in discovery that support the allegations in Plaintiff's proposed amended complaint. (Doc. 22 at 17.) Plaintiff alleges new information was discovered regarding Defendants' products at issue of which Plaintiff was unaware at the time of the original pleading and now raises by the amendment. (Doc. 20 at 2, 4.) Plaintiff contends there is no prejudice to Defendants as the amended complaint does not change the nature of the lawsuit and Defendants are not precluded from seeking discovery in relation to the amended complaint. (*Id*. at 4.)

Defendants fail to meet its burden of showing prejudice. *See DCD Programs*, 833 F.2d at 187; *Beeck.*, 562 F.2d at 540. To the extent that the additional claims would require the parties to propound more discovery, the discovery deadlines have not yet expired. (*See* Doc. 19.) Specifically, the deadline for non-expert discovery is July 6, 2022, the deadline for expert discovery is November 7, 2022, and the deadlines to file non-dispositive motions and dispositive motions are November 21, 2022, and December 21, 2022, respectively. (*Id*.) Accordingly, this is not an action in which discovery would need to be re-opened, and the proceedings will not be delayed. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (explaining that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion

to amend the complaint"). Consequently, this factor weighs in favor of granting leave to amend.

## IV.      Conclusion and Order

Based on the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the first amended complaint. *See Madeja*, 310 F.3d at 636. The Court will therefore exercise its discretion and grant the motion to amend. *See Swanson*, 87 F.3d at 343.

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend (Doc. 20) is **GRANTED**; and
2. Plaintiff **SHALL** file the first amended complaint within three days.

IT IS SO ORDERED.

Dated:   **June 15, 2022**                           /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE