UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA CRAWFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZIMMER BIOMET HOLDINGS, INC., *et al*.<br><br>　　　　　Defendants. | Case No. 1:21-cv-00988-AWI-CDB<br><br>ORDER ON STIPULATION AMENDING FOURTH AMENDED SCHEDULING ORDER <u>AS MODIFIED</u><br><br>(ECF No. 53) |

　　　　On June 16, 2021, Defendants Zimmer Biomet Holdings, Inc., Zimmer Biomet, Inc., and Zimmer Biomet U.S., Inc. ("Defendants"), removed this action filed by Latonia Crawford ("Plaintiff") from Kern County Superior Court. (ECF No. 1). On September 17, 2021, the Court granted the parties' joint request to set a deadline to complete non-expert discovery by April 20, 2022. (ECF Nos. 8, 10). Thereafter, the parties requested, and the Court granted numerous extensions of this date and all related pretrial and trial dates. (ECF Nos. 18, 19, 26, 28, 30, 31, 44, 46). The Court found good cause existed for these extensions as the parties anticipated and filed dispositive motions, intended to prepare for and undertake depositions (including Plaintiff's deposition) and conduct additional discovery.

　　　　Pending before the Court now is the parties' fourth stipulated request for an extension in the case schedule. (ECF No. 53). The parties filed their stipulation for order the day before non-expert discovery was scheduled to close. *Id*. Requests for extensions of time in the Eastern District

of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d). Moreover, the Court advised the parties in the scheduling order: "No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline of the parties wish to extend." (ECF No. 10).

Here, given the parties' representations about the reasons for seeking an extension of time – to take additional depositions based on information learned in October 2022 and to accommodate the recent substitution of counsel – it should have become apparent before the last day to conduct fact discovery that an extension of the discovery deadlines, pretrial and trial dates was necessary. (ECF No. 53). Pursuant to Local Rule 144 and the Scheduling Order (ECF No. 10), the parties were required to file their current request for extension of time before now.

The Court disfavors granting *nunc pro tunc* relief and directs the parties to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that the parties seek to extend. However, under the circumstances, the parties have demonstrated good cause for the extension.

While the Court will grant the parties' requested extension, the undersigned cautions the parties that, because fact discovery already has proceeded for more than 15 months, any further requests for extensions are likely to be denied without a particularized and timely filing demonstrating unforeseen circumstances beyond the parties' control.

Accordingly, it is HEREBY ORDERED: The following deadlines shall be extended to:

- Discovery Deadlines
  Non-Expert: March 10, 2023
  Expert: July 10, 2023

- Non-Dispositive Motion Deadlines
  Filing: July 24, 2023
  Hearing: August 25, 2023

- Dispositive Motion Deadlines
  Filing: August 25, 2023
  Hearing: September 8, 2023

- Pre-Trial Conference
    November 30, 2023 at 10:00 a.m.
    Courtroom 2
- Trial
    January 30, 2024 at 8:30 a.m.
    Courtroom 2

It is FURTHER ORDERED all other aspects of the Court's September 20, 2021, Scheduling Order (ECF No. 10) not otherwise inconsistent with this Order shall remain in effect.

IT IS SO ORDERED.

Dated:   **January 6, 2023**                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE